UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY SORIANO,

    Plaintiff,

v.                                                                   CASE NO: 8:17-CV-1852-T-30TBM

RONALD H. SCHIRO,
BEVERLY T. SCHIRO, and
LLT'S BUILDING SUPPLIES, INC.,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants Ronald H. Schiro, Beverly T. Schiro, & LLT'S Building Supplies, Inc.'s Motion to Dismiss Complaint or in the Alternative for a More Definite Statement (Dkt. 7) and Plaintiff's Response in Opposition (Dkt. 8). The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied because the complaint adequately states a claim under Title III of the Americans with Disabilities Act and Plaintiff has alleged sufficient facts establishing her standing, both individually and as a "tester."

## DISCUSSION

Plaintiff Kathy Soriana, who resides in this judicial district, is disabled under the Americans with Disabilities Act ("ADA"). She filed this action under Title III of the ADA

against Defendants based on their alleged failure to remove physical barriers to access. The complaint contains a detailed list of the alleged barriers. Plaintiff also alleges that she intends to visit the subject facility in the future in order to utilize the facility's goods, services, and privileges. She also plans to visit the facility in the future to confirm that the alleged barriers have been removed so that other disabled individuals may enjoy the facility.

Defendants' motion to dismiss or, in the alternative, request for a more definite statement argues that Plaintiff's allegations are too conclusory to state a claim. This argument fails because Plaintiff alleges sufficient facts that (1) she is a disabled individual; (2) Defendants own, lease, or operate a place of public accommodation; and (3) Defendants discriminated against Plaintiff within the meaning of the ADA by denying her equal access to the goods, services, and privileges offered by Defendants. *See Segal v. Rickey's Restaurant and Lounge, Inc.*, 2012 WL 2393769, at *7 (S.D. Fla. June 25, 2012). This is sufficient at this stage.

Defendants also claim that Plaintiff has not established standing because she has not adequately alleged that she will suffer discrimination in the future if the alleged barriers are not removed. The Court disagrees. The constitutionally minimum requirements for standing are: (1) the plaintiff must have suffered, or must face an imminent and not merely hypothetical prospect of suffering, an invasion of a legally protected interest resulting in a "concrete and particularized" injury; (2) the injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be

redressed by a favorable court decision. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges ... a real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury." *Wooden v. Bd of Regents of Univ. Sys. of Georgia,* 247 F.3d 1262, 1284 (11th Cir. 2001) (emphasis in original).

With respect to ADA cases, "courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001). Allegations that the plaintiff visited the facility, experienced the barriers to access, and intends to return to the facility in the future are sufficient to confer standing, both as an individual and as a tester. *See, e.g., Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1315-16 (M.D. Fla. 2010) (listing cases). As detailed above, Plaintiff's complaint contains these allegations. Accordingly, Defendants' standing argument fails at this stage.

Finally, Defendants' alternative request for a more definite statement is denied—there is no reasonable basis for the Court to order a more definite statement.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Ronald H. Schiro, Beverly T. Schiro, & LLT'S Building Supplies, Inc.'s Motion to Dismiss Complaint or in the Alternative for a More Definite Statement (Dkt. 7) is DENIED.

2. Defendants shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 1, 2017.

*James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record